# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL THOMAS CANTRELL,** ) | **CASE NO. 7:20CV00092** |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **LYNCHBURG ADULT DETENTION** ) | |
| **CENTER, ET AL.,** ) | By:  Glen E. Conrad |
| ) | Senior United States District Judge |
| **Defendants.** ) | |

Plaintiff Michael Thomas Cantrell, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that jail officials have been giving him the wrong medications. Upon review of the record, the court finds that the action must be summarily dismissed for failure to state a claim.

In his § 1983 complaint, Cantrell alleges that during his confinement at the Lynchburg Adult Detention Center ("LADC"), unnamed medical personnel have "changed and 'exp[eri]mented' on [him] with medication without [his] consent." Compl. 2, ECF No. 1. He alleges that because of the changes, he has "suffered rashes, chronic cough, [and] painful movement." Id. As relief, he seeks monetary damages. In a later submission that the court will construe and grant as a motion to amend, Cantrell repeats these allegations. He admits, however, that when he complained about receiving the wrong medications, the staff advised him that they were giving him his "actual meds but in a different pill form." Add'l Evid. 1, ECF No. 6. Cantrell states, "If it were so I . . . would not be having these side effects because I have been taking these meds for years and have not had these effects until I came to [LADC]" in 2018. Id.

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of

action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution as a result of conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

One defendant whom Cantrell has named is a jail facility; jails are not persons and thus cannot be sued under § 1983. The other defendant Cantrell has named, Timothy E. Trent, qualifies as a person under § 1983. However, Cantrell does not state any facts about what Trent did that violated Cantrell's constitutional rights, as required to state an actionable claim under § 1983 against Trent. Because Cantrell is proceeding pro se, the court advised him of these pleading deficiencies and granted him twenty-one days to file an amended complaint. That allotted time has passed, and Cantrell has not responded. Accordingly, the court will summarily dismiss the action under § 1915A(b)(1), without prejudice, for failure to state a § 1983 claim against the defendants upon which relief may be granted.[*] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Cantrell.

**ENTER**: This 13th day of May, 2020.

/s/ Glen Conrad
Senior United States District Judge

---

[*] Moreover, Cantrell's allegations fail to state a claim against anyone. Only "[a] prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The mere fact that an inmate disagrees with the medical staff over the course of treatment prescribed for him falls far short of showing deliberate indifference. Id. At the most, Cantrell has alleged that he disagrees with LADC medical personnel over the medication they have provided—and such disagreement is not sufficient to state a constitutional claim actionable under § 1983.